# No. 26-1185

## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

Jose Juarez Velasquez,
*Petitioner – Appellee,*

v.

Jose D. Garcia, in his official capacity as Field Office Director, El Paso Field Office, U.S. Immigration and Customs Enforcement; David Easterwood, in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; Kristi Noem, in her official capacity as Secretary of Homeland Security; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; Pamela Bondi, in her official capacity as Attorney General of the United States

*Respondents – Appellants.*

---

## OPPOSED MOTION TO CONSOLIDATE
## AND EXPEDITE APPEALS

---

DANIEL N. ROSEN
U.S. ATTORNEY

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

MICHAEL VELCHIK
Senior Counsel to the Assistant
Attorney General

SARAH WELCH
Counsel to the Assistant Attorney
General

*Counsel for Respondents-
Appellants*

Appellate Case: 26-1185    Page: 1    Date Filed: 02/10/2026 Entry ID: 5606674

**INTRODUCTION**

The government requests that the Court consolidate and expedite two habeas appeals presenting the same important, frequently recurring, and straightforward legal question: whether the immediate custodian rule requires a habeas petitioner to file his petition in the district of his confinement at the time of his petition. *Anaya v. Noem*, No. 26-1226; *Juares Velasquez v. Garcia*, No. 26-1185.

Detained aliens may challenge their detention, provided they file in a court of competent jurisdiction and where venue is proper. As the Supreme Court has long held and reiterated just last year, for "core habeas petitions," such as these, "jurisdiction lies in only one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).

The petitioners in both of these cases were detained outside Minnesota when they filed their habeas petitions in Minnesota. Jose Juarez Velasquez had been detained outside Minnesota for more than two weeks when he filed his habeas petition in Minnesota. And Jose Anaya had been detained outside Minnesota for five days when he filed his habeas petition in Minnesota. Yet the district court in each case asserted jurisdiction over each petition, found venue proper, and ordered each petitioner's release despite being fully

1

apprised of the petitioners' locations. That is a plain error under blackletter law.

It is also a frequently recurring error that places serious operational burdens on the Executive Branch. In recent months, district courts in the U.S. District for Minnesota have asserted jurisdiction over dozens of similar cases.[1] This flood of litigation over emergency habeas petitions has led to predictable and intolerable consequences. These cases drain limited litigation resources, diverting government attorneys from other work.

This important and straightforward legal issue cries out for the immediate and expedited attention of this Court. Accordingly, the

---

[1] In just a one week span, the U.S. District Court of Minnesota granted writs of habeas corpus to the following individuals who had been transferred to Texas: *H.L.L. v. Noem*, No. 26-877, 2026 WL 310065 (D. Minn. Feb. 5, 2026); *J.-A. v. Bondi*, No. 26-868, 2026 WL 308897 (D. Minn. Feb. 5, 2026); *A.Z.H. v. Bondi*, No. 26-915, 2026 WL 296381 (D. Minn. Feb. 4, 2026); *Y.L. v. Bondi*, No. 26-CV-823, 2026 WL 266749 (D. Minn. Feb. 2, 2026); *H. v. Bondi*, No. 26-CV-315, 2026 WL 266462 (D. Minn. Feb. 2, 2026); *N.M. v. Bondi*, No. 26-799, 2026 WL 262650 (D. Minn. Feb. 1, 2026); *M.A.P. v. Noem*, 2026 WL 262649 (D. Minn. Feb. 1, 2026); *L. v. Noem*, No. 26-CV-00707, 2026 WL 295386 (D. Minn. Feb. 1, 2026); *V.A. v. Bondi*, No. 26-618, 2026 WL 252506 (D. Minn. Jan. 30, 2026); *R.I. v. Bondi*, No. 26-619, 2026 WL 252469 (D. Minn. Jan. 30, 2026); *M.S.C. v. Noem*, No. 26-650, 2026 WL 252545 (D. Minn. Jan. 30, 2026); *U. v. Bondi*, No. 26-CV-642, 2026 WL 252535 (D. Minn. Jan. 30, 2026). *But see R.Q. v. Bondi*, No. 26-CV-881, 2026 WL 296502 (D. Minn. Feb. 4, 2026) (transferring to Texas)

Appellate Case: 26-1185    Page: 3    Date Filed: 02/10/2026 Entry ID: 5606674

government respectfully requests that the Court consolidate and expedite these appeals and enter the following briefing schedule:

**Opening Brief**: February 23, 2026

**Answering Brief(s)**:  March 9, 2026[2]

**Reply Brief**:  March 16, 2026

In addition, the government requests that the Court schedule the consolidated appeals for oral argument during the sitting beginning on March 16, 2026, or at an earlier special panel.

## BACKGROUND

These cases concern two petitions for habeas corpus, one by Jose Anaya and the other by Jose Juarez Vasquez.

### 1. Anaya v. Noem

Anaya "was detained on January 13, 2026 in the State of Minnesota and immediately transferred to El Paso, Texas." No. 0:26-cv-480, Dkt. 1 at 1 (D. Minn.). *Cf. Adriana M.Y.M. v. Easterwood*, No. 26-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026) (explaining that government transferred petitioner from "ICE's St. Paul Field Office ... to El Paso, Texas" "[c]iting lack of bed space").  On January 20, Anaya filed his petition for

---

[2] The government does not object to the filing of separate briefs by each appellee.

3

habeas corpus in the U.S. District Court for the District of Minnesota. Dkt. 1. At the time of filing, he was by his own admission in Texas. Dkt. 1 at 1 ("Petitioner is in the physical custody of Respondents at the Camp East ICE Detention Center, El Paso, Texas."); *id.* at 5 (Petitioner "remains in detention pending his bond hearing in front of the IJ in El Paso, Texas"). The government moved to dismiss or, in the alternative, transfer the case to the U.S. District Court for the Southern District of Texas. Dkt. 6.

On January 22, the district court denied the government's motion to dismiss and granted the petition. Dkt. 9. The district court declined to apply the "immediate custodian" rule. Dkt. 9 at 3 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004)). The district court found that this was "a venue rule and not a jurisdictional one." Dkt. 9 at 3. As a result, the district court concluded that it could consider "equitable concerns such as convenience and appropriateness of the district." Dkt. 9 at 3-4. The court "conclude[d] that [the District of Minnesota] is the appropriate forum for deciding Jose A.'s Petition." Dkt. 9 at 5.

The court ordered the government to provide Anaya with a bond hearing on or before 5:00 p.m. CST January 23, 2026—the next day—and, if Anaya was released on bond, to return him to Minnesota for release. Dkt. 9 at 8. On January 23, an immigration judge granted Anaya bond. Dkt. 13. He

4

was flown back to Minnesota and released. Dkt. 13. The government appealed on January 30. Dkt. 14.

### 2. Juarez Velasquez v. Garcia

Jose Juarez Velasquez was arrested in Minnesota on January 6, 2026. No. 0:26-cv-597, Dkt. 9 at 2 (D. Minn.). By January 7, petitioner had been transferred to Texas. Dkt. 1 at 3. He was later transferred to New Mexico. Dkt. 9 at 2. On January 23, more than two weeks after he had last been detained in Minnesota, Juarez Velasquez filed a habeas petition in the District of Minnesota. Dkt. 1.

On January 25, the district court ordered the government to file an answer by January 26 and enjoined the government "from removing petitioner outside of Minnesota until further order of the Court, so that petitioner may consult with counsel while the Court is considering the petition, and so that there is no risk that removal of petitioner from Minnesota will deprive this Court of jurisdiction over the petition." Dkt. 5 at 1-2. Alternatively, "[i]f petitioner has already been removed from Minnesota," the court ordered the government "to immediately return petitioner to Minnesota." Dkt. 5 at 3.

On January 28, the district court assumed jurisdiction and granted the petition. Dkt. 9 at 1. The court considered but rejected the government's

5

"argu[ment] that the court lacks jurisdiction to hear this matter because Jose is not being detain in Minnesota." Dkt. 9 at 3. The district court found that, as a factual matter, "[t]here is confusion as to where Jose is located" as "[h]is counsel represents that Jose is in New Mexico while respondents contend that he is in Texas." Dkt. 9 at 3 n.1. As a legal matter, the district court found that "venue remains proper in Minnesota under the circumstances," because Juarez Velasquez "has lived here for over two years, was arrested here, and was initially detained here." Dkt. 9 at 3 (citing *Anaya v. Noem*, No. 26-cv-480, 2026 WL 172524 (D. Minn. Jan. 22, 2026), and *Sue H. v. Trump*, No. 26-cv-416, Dkt. 3, at 2 (D. Minn. Jan. 20, 2026)).

The district court granted the petition and directed the government to provide Juarez Velasquez with a bond hearing within seven days or immediately release him. Dkt. 9 at 4. The district court further ordered that "[i]f petitioner is still located outside the District of Minnesota, respondents shall return him here within 24 hours of the issuance of this order." Dkt. 9 at 4. The government appealed on January 30. Dkt. 10.

## ARGUMENT

### I. The Court Should Consolidate and Expedite These Habeas Petitions.

The government respectfully requests that the Court consolidate and expedite these habeas petitions. Both district court orders on appeal involve

6

the exceptionally important, frequently recurring, and straightforward issue of whether the immediate custodian rule requires a habeas petitioner to file his petition in the district of his confinement at the time of his petition. In both of these cases, the district courts asserted jurisdiction and found venue proper, notwithstanding the Supreme Court's recent admonition that "jurisdiction lies in only one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). That same issue has been at the heart of dozens of habeas petitions filed in the district courts in this Circuit alone over just the last few months.

First, the Court should consolidate the two appeals. Fed. R. Civ. App. Rule 3(b)(2). Both cases cleanly present the same question: whether a district court may assume jurisdiction and venue over a habeas petition filed by a petitioner who is not in that judicial district at the time his petition was filed. In both cases, there is no dispute that Petitioners were not in Minnesota at the time they filed their Petitions. *See Anaya*, Dkt. 9 at 3; *Juarez Velasquez*, Dkt. 9 at 3. Both district courts expressly considered and expressly rejected the government's argument that the court lacked jurisdiction and venue. *Anaya*, Dkt. 9 at 3; *Juarez Velasquez*, Dkt. 9 at 3. Indeed, the district court in *Juarez Velasquez* cited the district court's

7

decision in *Anaya*. Dkt. 9 at 3 (citing *Anaya*, No. 26-cv-480 (D. Minn. Jan. 22, 2026)).

Second, the Court should also expedite these appeals to provide guidance on an exceptionally important and frequently recurring question of law. As district courts in Minnesota have noted, this has led to a surge in habeas petitions being filed in the District of Minnesota.

This Court's resolution of this significant and undeniably recurring issue is urgently needed. Until this Court makes clear that district courts will be reversed if they fail to follow the immediate-custodian rule, the government and district courts continue to be faced with a deluge of litigation concentrated in the District of Minnesota.

Accordingly, the government respectfully requests that the Court grant the motion to consolidate and expedite these appeals and enter the following briefing schedule:

**Opening Brief**: February 23, 2026

**Answering Brief(s)**: March 9, 2026[3]

**Reply Brief**: March 16, 2026

In addition, the government requests that the Court schedule the

---

[3] The government does not object to the filing of separate briefs by each appellee.

8

consolidated appeals for oral argument during the sitting beginning on March 16, 2026, or at an earlier special panel.

The government requested Petitioners' positions on this motion on February 6, 2026. Petitioners in both cases, through counsel, indicate that they opposes the relief sought in this motion.

**CONCLUSION**

The Court should consolidate these appeals and expedite briefing and oral argument.

Dated: February 10, 2026          Respectfully submitted,

DANIEL N. ROSEN          BRETT A. SHUMATE
U.S. Attorney            Assistant Attorney General.

DREW C. ENSIGN
Deputy Assistant Attorney General

MICHAEL VELCHIK
Senior Counsel to the Assistant Attorney General

SARAH WELCH
Counsel to the Assistant Attorney General

*/s/ Michael Velchik*
Michael K. Velchik

*Counsel for Respondents-Appellants*

9

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026 I electronically filed the foregoing with the Clerk of the Court through the Court's ECF system and that it will be served electronically upon registered participants identified on the Notice of Electronic Filing.

/s/ *Michael K. Velchik*
Michael K. Velchik

10

Appellate Case: 26-1185    Page: 11    Date Filed: 02/10/2026 Entry ID: 5606674

# CERTIFICATE OF COMPLIANCE

1.     This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because:

The brief contains 1853 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface and typestyle requirements of Fed. R. App. P. 32(g)(1) because:

The brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman fourteen-point.

*/s/ Michael K. Velchik*
Michael K. Velchik

Appellate Case: 26-1185    Page: 12    Date Filed: 02/10/2026 Entry ID: 5606674