# UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

JOSE FERNANDO JUAREZ VELASQUEZ,

*Petitioner-Appellee*,

*v.*

JOSE D. GARCIA, IN HIS OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID EASTERWOOD, IN HIS OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR, ST. PAUL FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; PAMELA BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES,

*Respondents-Appellants*.

On Appeal from the United States District Court
for the District of Minnesota, No. 0:26-cv-00597-DSD
Before the Honorable David S. Doty

## OPPOSITION TO MOTION TO EXPEDITE APPEALS

LYNDSEY MARCELINO SCHALKWYK
MARCELINO & KIM PC
400 S 4th St, Ste 410
PMB 504349
Minneapolis, MN 55415-1419
(858) 337-0956

KEVIN M. LAMB
JOSEPH M. MEYER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000

February 12, 2026

# INTRODUCTION

The government's request to drastically accelerate the briefing deadlines in this habeas appeal should be denied. The government's own conduct demonstrates that there is no reason—let alone good cause—for such extraordinary relief. The government has not sought a stay of the district court's order, and it waited eight days after this Court set a briefing schedule to file its motion to expedite. Nor did it seek to stay an immigration judge's decision releasing Mr. Velasquez on bond. If the grant of Mr. Velasquez's petition presented an emergency warranting expedition, the government would have acted like it before this week.

None of the government's proffered justifications for expedition is persuasive. The government's primary argument is that the question presented— whether the District of Minnesota was a proper venue for Mr. Velasquez's habeas petition—is important and recurring. That question is indeed important, and far more complicated than the government lets on. But that counsels *against*, not in favor of, rushed briefing by the parties and consideration by this Court. And any relevance to other cases is not a proper basis for expediting this appeal. In any event, the government's assertion that the venue question is recurring in a way that unfairly burdens the executive branch is overblown and ignores the government's own failure to raise the issue in many of its cited cases.

- 1 -

Appellate Case: 26-1185   Page: 2   Date Filed: 02/12/2026 Entry ID: 5607910

The government is, of course, free to file its opening brief on any schedule it wishes.  Mr. Velasquez, however, should have no less than the standard 30 days to respond.  *See* Fed. R. App. P. 31(a)(1).  Anything less—let alone the two weeks the government proposes—would unfairly prejudice his ability to defend his victory below.  And while Mr. Velasquez defers to this Court's management of its own docket, the government has given no compelling reason to move this case ahead of the many other important matters pending before the Court.[1]

## BACKGROUND

Petitioner-Appellee Jose Fernando Juarez Velasquez is a Guatemalan citizen who entered the United States in October 2023.  Dkt. 9 at 1.[2]  Since that time, he has lived in Minnesota with his wife and three children while awaiting resolution of his pending asylum claim.  *Id.*; Dkt. 1 at 2.  He has no known criminal history, possesses a valid work permit, and has complied with all orders regarding his immigration status since entering the country.  Dkt. 1 at 2.

On January 6, 2026, immigration officers arrested Mr. Velasquez and detained him in Minnesota.  Dkt. 9 at 2.[3]  The government transferred him to Texas

---

[1] Mr. Velasquez does not oppose the government's request to consolidate this appeal with *Anaya v. Noem*, No. 26-1226.

[2] Docket ("Dkt.") citations refer to the district-court docket, No. 0:26-cv-597 (D. Minn.).

[3] It appears that the government mistook Mr. Velazquez for someone else. Government officials repeatedly referred to him (Jose *Velazquez*) as Jose *Miljango*

Appellate Case: 26-1185     Page: 3     Date Filed: 02/12/2026 Entry ID: 5607910

the next day.  Dkt. 1 at 3.  Several days later, the government transferred him again, this time to New Mexico.  *Id.*  Those transfers—conducted without explanation or notice to Mr. Velasquez's counsel—impaired counsel's ability to locate and contact Mr. Velasquez.  *Id.* at 3-4.  On January 20, a full two weeks after Mr. Velasquez's arrest, he finally made contact with his attorney, who filed a petition for habeas corpus in the District of Minnesota on January 23.  *Id.*

On January 28, the district court granted the petition.  Dkt. 9 at 1.  It also ordered the government to return Mr. Velasquez to Minnesota and provide him a bond hearing within seven days.  *Id.* at 4.  The government appealed the district court's decision on January 30.  Dkt. 10.

The government thereafter returned Mr. Velasquez to Minnesota, where he had his bond hearing on February 4.  The immigration judge released him on bond the following day.  He is presently at home in Minnesota with his family.

## ARGUMENT

The government does not contend that the district court's grant of Mr. Velazquez's habeas petition is an emergency.  Mr. Velasquez poses no threat to the community or meaningful flight risk, as an immigration judge—herself a member of the executive branch—necessarily determined when releasing him on bond.

---

and presented him with documents describing him as having arrived in the United States from El Salvador, not Guatemala.  Dkt. 1 at 3.

- 3 -

Appellate Case: 26-1185     Page: 4     Date Filed: 02/12/2026 Entry ID: 5607910

And the government's litigation conduct confirms that this case is no emergency and, indeed, is no different from any ordinary immigration habeas matter that should be handled in the ordinary course. The government did not seek to stay either the district court's or the immigration judge's orders. Nor did it even move to expedite the case in this Court until eight days after the Court set a briefing schedule. The government's request to now reduce Mr. Velasquez's response time by more than half that allowed by Federal Rule of Appellate Procedure 31(a)(1) is extraordinary.

The practical significance of this appeal is also limited. As explained, Mr. Velasquez is currently out on bond in Minnesota. Were the government to re-detain him, it would therefore necessarily do so in Minnesota. Mr. Velasquez would then file another habeas petition in the District of Minnesota, where venue indisputably would be proper. The result would be to put this case in the same place it is now.

But while this appeal is unlikely to result in any change of venue for Mr. Velasquez's case—no matter how it is resolved—the important legal questions it raises deserve more thorough consideration than the government's proposed schedule would permit. The government frames this case as a straightforward application of the venue rule from *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). The basic facts recounted above demonstrate otherwise. Over the past five weeks, the

- 4 -

government has arrested Mr. Velasquez and spirited him away to jurisdictions it presumably perceives as more favorable for litigating challenges to his detention, while frustrating his ability to obtain legal assistance. (Indeed, in responding to Mr. Velasquez's petition, the government's own attorneys were mistaken as to where he was being detained, arguing that his petition should be heard in the Western District of Texas even though he was being detained in New Mexico. Dkt. 7 at 1.) By its terms, *Padilla* does not apply in such circumstances; indeed, as the Supreme Court itself underscored, in *Padilla* there was "no indication that there was any attempt to manipulate behind Padilla's transfer" and that "the Government did not attempt to hide from Padilla's lawyer where it had taken him," 542 U.S. at 441. The venue question here is thus a novel one that should not be resolved without full briefing and oral argument by the parties and consideration by the Court. The same is true of the other questions this appeal raises, including whether the case is moot in light of Mr. Velasquez's return to Minnesota.

Failing to identify any case-specific reason for expedition, the government asserts that the district court's decision involves "a frequently occurring error that places serious operational burdens on the Executive Branch." Mot. to Expedite at 2. But it would be inappropriate to expedite this appeal, where there is no reason to expedite, simply because it may bear on other cases. Expedition in such circumstances would be unfair not only to Mr. Velasquez, but also to the parties in

- 5 -

the other cases that would be affected by a ruling here, as those parties are not before the Court in this case, and their ability to participate as amici would be severely impaired by the government's proposed briefing schedule.

Moreover, the government's own motion reveals that its claims of systemic error are overblown. The motion cites 12 decisions in which, it contends, district courts in Minnesota got analogous venue questions wrong. *Id.* at 2 n.1. Yet it appears that the government did not contest venue in at least several of those cases.[4] Thus, any burden the government faces as a result of habeas petitions filed in Minnesota appears to be substantially attributable to the government's own failure to argue that they should be heard anywhere else.

---

[4] *J.-A. v. Bondi*, No. 26-cv-868, 2026 WL 308897, at *1 n.1 (D. Minn. Feb. 5, 2026) ("Respondents do not challenge the Court's jurisdiction to hear this Petition."); *A.Z.H. v. Bondi*, No. 26-cv-915, 2026 WL 296381, at *1 n.2 (D. Minn. Feb. 4, 2026) ("Because Respondents do not dispute venue, the Court considers that issue to be waived."); *L. v. Noem*, No. 26-cv-00707, 2026 WL 295386, at *1 n.2 (D. Minn. Feb. 1, 2026) ("Respondents do not dispute the Court's jurisdiction over the Petition."); *Y.L. v. Bondi*, No. 26-CV-823, 2026 WL 266749 (D. Minn. Feb. 2, 2026) (no venue challenge mentioned); *H. v. Bondi*, No. 26-cv-315, 2026 WL 266462 (D. Minn. Feb. 2, 2026) (same); *N.M. v. Bondi*, No. 26-cv-799, 2026 WL 262650 (D. Minn. Feb. 1, 2026) (same); *U. v. Bondi*, No. 26-cv-642, 2026 WL 252535 (D. Minn. Jan. 30, 2026) (same). In another three cases, the issue was mooted by the return of the petitioner to the district. *See H.L.L. v. Noem*, No. 26-877, 2026 WL 310065, at *1 (D. Minn. Feb. 5, 2026); *M.A.P. v. Noem*, 2026 WL 262649, at *1 (D. Minn. Feb. 1, 2026); *V.A. v. Bondi*, No. 26-618, 2026 WL 252506, at *1 n.1 (D. Minn. Jan. 30, 2026).

Appellate Case: 26-1185    Page: 7    Date Filed: 02/12/2026 Entry ID: 5607910

Finally, the crush of litigation the government claims to be facing appears likely to be resolved for reasons having nothing to do with venue. The merits question in this case and, to Mr. Velasquez's knowledge, the question driving much of the habeas litigation in Minnesota, is whether noncitizens detained in the interior of the country are subject to mandatory detention under 8 U.S.C. § 1225(a)(2) or, alternatively, detention with the possibility of bond under 8 U.S.C. § 1226. This Court is currently considering that question in *Avila v. Bondi*, No. 25-3248. Briefing in *Avila* is complete, and the Court's forthcoming decision presumably will dispose of much of the litigation in this context.[5] In addition, the government announced just today that it is ending the enforcement operation that led to an uptick in immigration arrests in Minnesota.[6] Those developments are

---

[5] To the extent the government intends to raise the statutory merits issue in this appeal, *Avila* renders expedition here particularly unnecessary, as the Court will presumably wait to issue a decision in this case until it has resolved *Avila.* Indeed, the government has asked this Court to hold at least one other appeal presenting this statutory issue in abeyance pending *Avila*. *See* Gov't Mot. to Hold Case in Abeyance, *Reyes v. Noem*, No. 26-1036 (8th Cir. Jan. 30, 2026). That motion is pending. The government has also moved successfully in other circuits to hold cases presenting this issue in abeyance pending resolution of the lead case presenting the issue. *See* Order, *Sandoval v. Raycraft*, No. 25-2140 (6th Cir. Jan. 16, 2026) (granting government's abeyance motion); Order, *Avila v. Olson*, No. 26-1061 (7th Cir. Jan. 30, 2026) (same); *see also* Order, *Diaz v. Guadian*, No. 26-6090 (4th Cir. Jan. 27, 2026) (granting consent motion to hold case in abeyance).

[6] Maria Sacchetti, *Border Czar Tom Homan Says Minnesota Immigration Surge is Ending*, Wash. Post (Feb. 12, 2026), https://www.washingtonpost.com/immigration/2026/02/12/border-czar-tom-homan-declares-minnesota-immigration-surge-over.

Appellate Case: 26-1185    Page: 8    Date Filed: 02/12/2026 Entry ID: 5607910

likely to ameliorate any "operational burdens" the government faces, Mot. to Expedite at 2, and further underscore that expedition here is patently unwarranted.

## CONCLUSION

For the foregoing reasons, the Court should deny the government's motion to expedite this appeal.

Respectfully submitted.

/s/ Kevin M. Lamb

LYNDSEY MARCELINO SCHALKWYK
MARCELINO & KIM PC
400 S 4th St, Ste 410
PMB 504349
Minneapolis, MN 55415-1419
(858) 337-0956

KEVIN M. LAMB
JOSEPH M. MEYER
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 663-6000

February 12, 2026

- 8 -

**CERTIFICATE OF COMPLIANCE**

The foregoing complies with Federal Rule of Appellate Procedure 27(d)(2) in that, according to the word-processing software used to generate the opposition (Microsoft Office Word) in 14-point Times New Roman, the opposition contains 1,886 words, excluding the items listed in Federal Rule of Appellate Procedure 32(f). The opposition has been scanned for viruses and is virus free.

/s/ Kevin M. Lamb
KEVIN M. LAMB

February 12, 2026

# CERTIFICATE OF SERVICE

I certify that on this 12th day of February, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Kevin M. Lamb

KEVIN M. LAMB

Appellate Case: 26-1185    Page: 11    Date Filed: 02/12/2026 Entry ID: 5607910