**No. 26-1185**

## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

Jose Juarez Velasquez,
*Petitioner – Appellee,*

v.

Jose D. Garcia, in his official capacity as Field Office Director, El Paso Field Office, U.S. Immigration and Customs Enforcement; David Easterwood, in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; Kristi Noem, in her official capacity as Secretary of Homeland Security; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; Pamela Bondi, in her official capacity as Attorney General of the United States

*Respondents – Appellants.*

## REPLY IN SUPPORT OF
## MOTION TO CONSOLIDATE AND EXPEDITE APPEALS

DANIEL N. ROSEN
U.S. ATTORNEY

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

MICHAEL VELCHIK
Senior Counsel to the Assistant Attorney General

SARAH WELCH
Counsel to the Assistant Attorney General

*Counsel for Respondents-Appellants*

## INTRODUCTION

The Court should grant the Government's motion to consolidate and expedite these appeals.

The Government seeks to press just one issue in both appeals: whether the district court erred by entertaining habeas petitions filed by petitioners who were detained outside Minnesota when they filed their petitions, despite the established rule that petitions under 28 U.S.C. § 2241 can be heard only in the petitioner's district of confinement. Whatever differences may or may not exist as to the underlying merits of the cases, Mr. Ayana and Mr. Juarez Velasquez are identically situated with respect to that legal question. And as the Government's motion explained, that legal question warrants expedited treatment because it is straightforward, frequently recurring, and exceptionally important. Motion to Consolidate and Expedite, at 1-2 ("Motion").

Mr. Juarez Velasquez does not oppose consolidation. Opp. at 2 n.1. As for expediting the appeals, he recognizes that the appeals present "important legal questions" that will affect "other cases." *Id.* at 4, 6. He does not contest that the issue has recently arisen in many other cases. And he presents no persuasive reason the appeals should not be expedited.

First, *Herrera Avila v. Noem*, No. 25-3248, is not material. That

1

appeal raises the underlying merits question of the Government's detention authority under 8 U.S.C. § 1225. The Government does not intend to brief that issue in these appeals, so *Herrera Avila* will not affect or control the outcome of these appeals. Nor does *Herrera Avila* present the district-of-confinement issue present in these appeals, so the resolution of these appeals will not affect *Herrera Avila*.

Second, Mr. Juarez Velasquez draws the wrong conclusion from the way the litigation has unfolded so far. *See* Opp. at 4. The 30 days Mr. Juarez Velasquez proposes to prepare a response brief would be *more* time than has passed between the date his petition was filed in the district court and today. Opp. at 2. In the district court, Mr. Juarez Velasquez and Mr. Anaya obtained relief in a matter of days after they filed their petitions. Motion at 4-6. The Government appealed both cases within a matter of days and moved to consolidate and expedite promptly after the second appeal was docketed in this Court. *Id.* These cases have moved at lightning speed so far, and there is no reason they must begin to move ponderously now that petitioners have obtained release.

It is likewise immaterial that the Government did not seek a stay. Opp. at 4. Seeking a stay is not a prerequisite to seeking expedited treatment of an appeal. Just the opposite: Expedited treatment is often a substitute for

2

seeking a stay that is less burdensome to parties and courts but permits relief sooner than appeal in the ordinary course. After all, the Government did not seek a stay in *Herrera Avila*, and the Court nonetheless recognized that that case cried out for expedited treatment. *See* Order, No. 25-3248 (Dec. 12, 2025) (granting motion to expedite); Order, No. 25-3248 (Feb. 13, 2026) (further expediting).

Last, Mr. Juarez Velasquez objects that other parties whose cases will be affected by the Court's disposition of these appeals are not before the Court and may not be able to participate as amici. But it is inherent in our legal system that a court of appeals may decide a legal issue that controls the disposition of the issue in subsequent cases, without the participation of all parties who are or may become interested in the resolution of that issue. Indeed, that is precisely what the Court will do in *Herrera Avila*. That is no reason to delay resolution of the straightforward question whether the Supreme Court meant what it what said in *Padilla* that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement," or if district courts are instead free to disregard the district-of-confinement rule as they see fit. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

3

# CONCLUSION

The Court should grant the Government's motion to consolidate and expedite these appeals.

Dated: February 17, 2026

DANIEL N. ROSEN
U.S. Attorney

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General.

DREW C. ENSIGN
Deputy Assistant Attorney General

/s/ *Michael Velchik*
MICHAEL VELCHIK
Senior Counsel to the Assistant Attorney General

SARAH WELCH
Counsel to the Assistant Attorney General

*Counsel for Respondents-Appellants*

4

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2026 I electronically filed the foregoing with the Clerk of the Court through the Court's ECF system and that it will be served electronically upon registered participants identified on the Notice of Electronic Filing.

/s/ *Michael K. Velchik*
Michael K. Velchik

5

# CERTIFICATE OF COMPLIANCE

1.      This filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because:

The filing contains 670 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This filing complies with the typeface and typestyle requirements of Fed. R. App. P. 32(g)(1) because:

The filing has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Georgia fourteen-point.

/s/ *Michael K. Velchik*
Michael K. Velchik